FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
Aug 06, 2020
JAMES W. McCORMACK, CLERK
By: Jake Kornegay D.C.
DEP CLERK

FILED
STATESVILLE, NC
AUG 5 2020
U.S. District Court
Western District of NC

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: LOWE'S COMPANIES, INC., FAIR LABOR STANDARDS ACT (FLSA) AND WAGE AND HOUR LITIGATION   MDL No. 2947

### TRANSFER ORDER

**Before the Panel**: Common defendants Lowe's Companies, Inc. and Lowe's Home Centers, LLC (together, Lowe's), move under 28 U.S.C. § 1407 to centralize this litigation in the Western District of North Carolina. This litigation currently consists of 19 actions pending in 19 districts, as listed on Schedule A.

Plaintiffs in all actions oppose centralization. In the event that the actions are centralized over their objection, they agree that the Western District of North Carolina is the appropriate district.

On the basis of the papers filed and the hearing session held,[1] we find that these actions involve common questions of fact, and that centralization in the Western District of North Carolina will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions arising from nearly identical allegations that Lowe's fails to compensate Hourly Managers at its retail stores for work performed off-the-clock – principally, time spent opening and closing the stores when they cannot be logged on to Lowe's timekeeping system and time spent reading and responding to work-related smartphone communications while off duty. Additionally, the actions involve putative statewide classes that overlap with the conditionally certified nationwide FLSA collective in *Danford*.[2] Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings (on FLSA certification, class certification, and other matters); and conserve the resources of the parties, their counsel, and the judiciary.

In opposing centralization, plaintiffs principally argue that (1) informal coordination is a practicable and preferable alternative to centralization, noting that plaintiffs in all actions are represented by the same counsel, and defendant Lowe's also has a single counsel acting as lead

---

[1] In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of July 30, 2020. *See* Suppl. Notice of Hearing Session, MDL No. 2947 (J.P.M.L. July 14, 2020), ECF No. 22.

[2] The 18 putative statewide class actions filed outside of North Carolina also overlap with the putative nationwide class in *Danford*. At oral argument, plaintiffs' counsel stated that plaintiffs in *Danford* will not move for certification of the proposed nationwide class. The potential abandonment of the nationwide class allegations in *Danford* does not alter our analysis.

counsel in all actions; (2) *Danford* is more advanced than the other actions; and (3) localized issues are likely to arise in the 18 state law actions as Lowe's is expected to oppose class certification based on localized differences between stores. In response, defendants argue that the large number of districts makes informal coordination difficult and inefficient, and will not avoid the risk of inconsistent rulings. Defendants further assert that the inadequacy of informal coordination is clear from plaintiff's representation in related state court actions that formal coordination in a single forum is needed to efficiently manage discovery and avoid inconsistent rulings. They also argue that site-specific issues should not preclude centralization, considering plaintiff's allegation of "common and systemic payroll policies and practices" as to the conduct at issue. And they represent that *Danford* remains at an early stage of discovery – in particular, no depositions of Lowe's have been taken and there have been no significant document productions on the common issues.

On balance, we find that centralization is preferable to informal coordination in this litigation. While we strongly encourage informal coordination, the record before us indicates that it is impracticable in this litigation. There are 19 actions pending in 19 different districts and related litigation in state courts. Additionally, we believe that the overlapping issues presented by the nationwide FLSA action and the putative Rule 23 classes are best managed in a single venue, considering in particular that plaintiffs in nearly all of the state-specific actions are opt-in plaintiffs in the *Danford* action.[3] All actions remain at a relatively early stage of pretrial proceedings, including *Danford*, and will benefit from common discovery as to the company-wide conduct alleged by plaintiffs.

We conclude that the Western District of North Carolina is an appropriate transferee forum. Lowe's, the sole defendant in all actions, has its headquarters there, and thus relevant documents and witnesses likely will be located in this district. Plaintiffs agree that this district is appropriate if the actions are centralized. The Honorable Kenneth D. Bell, Sr., who presides over the *Danford* action, is familiar with the issues in this litigation. We are confident he will steer this matter on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Western District of North Carolina are transferred to the Western District of North Carolina and, with the consent of that court, assigned to the Honorable Kenneth D. Bell, Sr., for coordinated or consolidated pretrial proceedings.

---

[3] *See, e.g., In re Amazon.com, Inc. Fulfillment Ctr. Fair Labor Standards Act (FLSA) & Wage & Hour Litig.*, 999 F. Supp. 2d 1375, 1376 (J.P.M.L. 2014) ("Given the overlap in the FLSA collective action certification issues and the Rule 23 proposed classes, the litigation will benefit from management in a single venue.").

-3-

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |

IN RE: LOWE'S COMPANIES, INC., FAIR LABOR STANDARDS  MDL No. 2947
ACT (FLSA) AND WAGE AND HOUR LITIGATION

## SCHEDULE A

### District of Arizona

GROVE, ET AL. v. LOWE'S COMPANIES, INC., ET AL., C.A. No. 2:20-00586

### Eastern District of Arkansas

ESTES, ET AL. v. LOWE'S COMPANIES, INC., ET AL., C.A. No. 4:20-00289

### District of Colorado

BOGAERT, ET AL. v. LOWE'S COMPANIES, INC., ET AL., C.A. No. 1:20-00695

### District of Connecticut

BELASKI v. LOWE'S COMPANIES, INC., ET AL., C.A. No. 3:20-00343

### Central District of Illinois

FITZSIMMONS, ET AL. v. LOWE'S COMPANIES, INC., ET AL., C.A. No. 1:20-01109

### Western District of Kentucky

ANDERSON, ET AL. v. LOWE'S COMPANIES, INC., ET AL., C.A. No. 3:20-00189

### District of Maryland

HYDE, ET AL. v. LOWE'S COMPANIES, INC., ET AL., C.A. No. 1:20-00678

### District of Massachusetts

ROY, ET AL. v. LOWE'S COMPANIES, INC., ET AL., C.A. No. 4:20-40029

### District of Minnesota

NEAL v. LOWE'S COMPANIES, INC., ET AL., C.A. No. 0:20-01003

### Western District of Missouri

- A2 -

NELSON, ET AL. v. LOWE'S COMPANIES, INC., ET AL., C.A. No. 4:20-00190

    District of Nevada

RICKS, ET AL. v. LOWE'S COMPANIES, INC., ET AL., C.A. No. 2:20-00515

    District of New Jersey

GERBER, ET AL. v. LOWE'S COMPANIES, INC., ET AL., C.A. No. 2:20-02773

    District of New Mexico

MARTINEZ, ET AL. v. LOWE'S COMPANIES, INC., ET AL., C.A. No. 2:20-00234

    Eastern District of New York

TIRADO v. LOWE'S COMPANIES, INC., ET AL., C.A. No. 1:20-01472

    Western District of North Carolina

DANFORD, ET AL. v. LOWE'S COMPANIES, INC., ET AL., C.A. No. 5:19-00041

    Southern District of Ohio

RUMPKE, ET AL. v. LOWE'S COMPANIES, INC., ET AL., C.A. No. 2:20-01411

    District of South Carolina

FORTE, ET AL. v. LOWE'S COMPANY, INC., ET AL., C.A. No. 2:20-01108

    Eastern District of Washington

CLEAVENGER, ET AL. v. LOWE'S COMPANIES, INC., ET AL., C.A. No. 4:20-05049

    Southern District of West Virginia

BOYCE, ET AL. v. LOWE'S COMPANIES, INC., ET AL., C.A. No. 2:20-00228